NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
                                SUPERIOR COURT DIVISION
RANDOLPH COUNTY     FILE NO. 20 CVS 685

CARLTON T. BOYLES,
    Plaintiff,

Vs.

LANGMORE CAPITAL, LLC, and,
EQUITY TRUST COMPANY,
    Defendants.

## COMPLAINT

The Plaintiff, CARLTON T. BOYLES, referred to herein as "Boyles", complaining of the Defendants, LANGMORE CAPITAL, LLC, referred to herein as "Langmore", and EQUITY TRUST COMPANY, referred to herein as "Trust", individually and collectively, as follows:

### PARTIES

1. At all times herein mentioned, Plaintiff, Boyles, was a citizen and resident of Trinity, Randolph County, North Carolina.

2. Defendant, Langmore Capital, LLC, is a Limited-Liability Company trading under the name of Langmore Capital, LLC, at all times hereinafter mentioned as pertinent to this action, specialized in the sale of gold and silver bars, rounds, and coins, with offices and a place of business at 9350 Wilshire Blvd #203, Beverly Hills, 90212, CA; and Langmore Capital, LLC is a Wyoming Domestic Limited-Liability Company filed on June 4, 2019, trading and doing business in the State of North Carolina as set out herein.

3. Defendant, Equity Trust, operating as Equity Trust Company and Equity Institutional, referred to as "Equity", as fiduciary and trust company with 130K+ clients and $25 billion in IRA trust assets under custody, with offices at 1 Equity Way, Westlake, OH 44145; and Plaintiff is informed and believes and therefore alleges is a trust company incorporated under the laws of the State of Ohio, which at all times pertinent hereto was conducting business as alleged herein in the State of North Carolina.

1

4. At all times herein mentioned. Plaintiff was, and now is, the owner of certain IRA trust assets and savings as set out hereinafter

SHIPPING AND TRANSACTION AGREEMENT –LANGMORE CAPITAL

5. Defendants jointly and severally, combined, conspired, and cooperated to unlawfully and fraudulently convert and take the sum of $437,328.77 belonging to Plaintiff on November 11, 2019, as alleged herein under the unlawful guise of a purported document entitled "SHIPPING AND TRANSACTION AGREEMENT" under the purported date of 10/28/2019 [herein referred to as "Shipping" document]. Plaintiff never signed, authorized, nor approved said document or its contents. nor otherwise authorized said document or transaction in any manner, and said document was unlawful and void as to Plaintiff. In fact Plaintiff never saw said document nor its contents until 12/18/2019, after December 5, 2019, when Plaintiff complained and reported the illegal conversion of Plaintiff's savings to the North Carolina Attorney General and Defendants, and after said illegal conversion of Plaintiff's savings by Defendants had in fact occurred on November 11, 2019 [see Complaint Exhibit 1, Quarterly statement of Defendant Equity Incorporated herein by reference].

6. Said Shipping document and transaction was never signed, approved, nor authorized by Plaintiff, Carlton Boyles, and came about as follows:

7. On 11/6/2019, a representative of Defendant Langmore telephoned Plaintiff in North Carolina and read a Langmore Invoice dated 11/6/2019 to Plaintiff on the telephone [see Complaint Exhibit 2, Invoice, incorporated herein by reference]. Plaintiff told him he did not approve it and would not approve the said Invoice until he received and reviewed the written invoice. Plaintiff received Langmore's said written Invoice dated 11/6/2019 in North Carolina on 11/7/2019, and called Langmore on 11/7/2019 and told Langmore that they had overcharged him for two items in the total amount of $250,841.91 for overcharges of Plaintiff's savings and that he did not approve the Invoice or transaction. Langmore asserted that the coins were valued properly. Plaintiff informed Langmore that he was not going to enter into that transaction.

8. Plaintiff received another Langmore Invoice dated 11/7/2019 from Langmore in North Carolina on 11/8/2019, which did not correct the overcharge. Plaintiff called Langmore on that date and informed Langmore they had not corrected the overcharge and told them that he cancelled and rescinded said transaction. Langmore said they would have their lawyers work it out, and that they would loose lot of money if they reversed it. Langmore fraudulently concealed,

2

and failed to inform Plaintiff, that they subsequently illegally converted the sum of $437,328.77 belonging to Plaintiff on November 11, 2019, without Plaintiff's knowledge or authorization [see Complaint Exhibit 1, Quarterly statement of Defendant Equity, incorporated herein by reference] and in violation of Plaintiff's directions.

9. On November 8, 2019, Boyles informed Equity that Langmore had defrauded him for two items in the amount of $250,841, and directed Equity to reverse the transaction and return $437,328.77 to Boyles. On November 11, 2019, Defendant Equity Trust transferred to Defendant Langmore, in violation of Boyles' directive, and thereby converted the sum of $437,328.77 belonging to Plaintiff from Plaintiff's savings account with Equity [see Complaint Exhibit 1, Quarterly statement of Defendant Equity incorporated herein by reference]. Defendant Equity Trust had no authorization written or verbal, for said transfer out of Plaintiff's savings account, and said transfer was in violation of Plaintiff's express directions to Equity. Defendant Trust had a genuine signature of Boyles – "Account Transfer" Page 2 dated 10/29/2019 [see Complaint Exhibit 3]. Equity Trust had The Account Transfer with Plaintiff's valid signature on 10/29/2019, from which it should have determined that Plaintiff's purported signature on the Shipping document and Certificate of Completion prepared by Langmore, dated 10/29/2019, contained Plaintiff's forged signature, all before transferring $437,328.77 to Langmore from Plaintiff's account with Equity on November 11, 2019. The Shipping Agreement was not authorization to transfer Boyles' savings and investment and was not sent to Plaintiff until 12/18/2019, and not in existence when Equity transferred the funds.

10. The Langmore Shipping Agreement was not sent to Boyles until after Plaintiff's Complaint to the NC Attorney General on December 18, 2019, but was falsely dated 10/28/2019.

11. Equity transferred and converted Boyles' funds on 11/11/2019, without any authorization or directive from Plaintiff. Langmore unlawfully invoiced Plaintiff Boyles without any agreement or authorization.

12. Langmore represented to the NC Attorney General that "On November 26, 2019 all metals were shipped to the Delaware Depository and deposited into Mr. Boyles' Equity Trust Account #200394655." This leaves the overcharged amount of $252,594.15 due from Defendant Langmore as set out in Complaint Exhibit 4.

13. On February 21, 2020, Plaintiff made a demand on Langmore and Equity for reimbursement to Mr. Boyles of the sum of $437,328.77, together with interest at the legal rate of Eight Percent Per Annum (8%), and that Langmore reimburse Mr. Boyles in the amount of $252,594.15 for overcharges of Plaintiff's

savings by Defendant Langmore. Neither Langmore nor Equity have made any reimbursement to Boyles. In order to recover Boyles investment said overcharge, Boyles has been required to file this lawsuit and incur substantial legal expenses. The Agreement provides that no suit can be filed after one year and all claims are subject to arbitration. Boyles is not obligated under any provisions of the Agreement in that he never signed it nor authorized it in any way.

14. Boyles has made demand on DELAWARE DEPOSITORY to deliver his bullion and coins in compliance with his IRA, and Delaware accounted for the bullion and coins transferred to it for deposit by Langmore in the amount of $184,734.89, a loss of $252,593.88. Said loss of $252,593.88 was caused by the acts and conduct of Defendants and transactions set out above and damaged Plaintiff in that amount.

## UNFAIR AND DECEPTIVE ACTS OR PRACTICES
*(N.C. Gen. Stat §75-1.1)*

15. Plaintiff incorporates and re-alleges Paragraphs 1 through 14 of this Complaint.

16. Defendants' said acts and practices **violate** *North Carolina General Statute Sec. §75-1.1* for unfair or deceptive acts or practices in or affecting commerce in that: Defendants said acts and practices were or possessed the tendency to be unfair or deceptive acts or practices and defrauded Plaintiff of his investment funds in the amount of **$252,593.88**. Defendant's said acts and practices were in or affecting commerce, and proximately caused actual injury and damages to the Plaintiff in the amount of **$252,593.88**, and violate *N.C. Gen.Stat. § 75-1.1.*

17. On November 6 and 7, 2019, and other dates in the course of dealings as set out above, Defendant Langmore fraudulently misrepresented to Boyles that it had acquired bullion and coins for Boyles in the amount of $437,328.77, in order to induce Boyles to transfer and invest Boyles' investment savings with Langmore in the amount of $437,328.77. Boyles relied upon Langmore's said misrepresentation and fraud in transferring said sum to Equity for investment in trust. However, Boyles' said transfer to Equity was subject to Equity transferring and investing the funds as solely and exclusively as specifically directed by Boyles, which Equity failed to do thereby damaging Boyles as set out herein [See Equities' custodial agreement for Gold Silver Self-Directed IRA (entitled "Application – Traditional, Roth, or SEP") page 4 of 5. Complaint Exhibit 5].

WHEREFORE, Plaintiff prays the Court as follows:

4

1. That Plaintiff have judgment against the Defendants jointly and severally in excess of $437,328.77, or in the alternative in the amount of $$252,593.88, for loss and conversion of Plaintiff's investment bullion and coins, together with interest at the maximum legal rate of Eight Percent Per Annum (8%) from November 11, 2019 until paid.

2. That Plaintiff have judgment against the Defendant Langmore in the amount of 252,593.88 for overcharges of Plaintiff's savings by Defendant Langmore, or in the alternative in the amount of $269,734.43 for loss and conversion of Plaintiff's investment bullion and coins.

3. That Defendant have and recover treble damages, attorney fees and legal expenses pursuant to *N. C. Gen. Stat. § 75-1.1, § 6-21.5 and 1A-1,* and other provisions of the law.

4. Interest and court costs be taxed against the Defendants.

This the 17 day of March, 2020.

Stephen E. Lawing, Attorney for Plaintiff
1004 North Main Street, Suite 105
High Point, North Carolina 27362
Telephone No. (336) 885-2331
Email: lawing@justice.com
North Carolina State Bar No. 2652

COMPLAINT EXHIBITS

Complaint Exhibit 1, Quarterly statement of Defendant Equity Incorporated
Complaint Exhibit 2 Langmore Invoice dated 11/6/2019.
Complaint Exhibit 3 "Account Transfer" Page 2 dated 10/29/2019.
Complaint Exhibit 4 overcharged amount of $250,841.91 received by Defendant Langmore
Complaint Exhibit 5 Equities' custodial agreement for Gold Silver Self-Directed IRA (entitled "Application – Traditional, Roth, or SEP"

NORTH CAROLINA
RANDOLPH COUNTY

VERIFICATION

The undersigned, being first duly sworn, deposes and says:

That he is the Plaintiff herein, a North Carolina citizen and resident; that he has read the foregoing document, and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters therein stated upon information and belief, and as to those, he believes it to be true.

This the 26th day of March, 2020.

Carlton T. Boyles
CARLTON T. BOYLES, PLAINTIFF

Sworn to and subscribed before me this
26th day of March, 2020.

Donna K. Lawing Notary Public

My Commission expires: 1/25/2021

6

## Transaction Activity

**Uninvested Cash Account**

| Date | Description | Asset | Amount | Balance |
|---|---|---|---|---|
| | Beginning Balance on 10/01/2019 | | | $0.00 |
| 11/04/2019 | Wire Deposit<br>Transfer In -- Non Tax<br>SettleDate: 11/04/19 | | $437,430.86 | |
| 11/11/2019 | Receive Free<br>Investment Purchase<br>Trade Date: 11/11/19, Settle Date: 11/11/19<br>437,328.77 Shares | Langmore Capital, LLC<br>S00077533 | $0.00 | |
| 11/11/2019 | Wire Disbursement<br>Investment Purchase<br>Langmore Capital, LLC<br>Investment Purchase | Langmore Capital, LLC<br>S00077533 | -$437,328.77 | |
| 11/27/2019 | Receive Free<br>Investment Purchase<br>Trade Date: 11/27/19, Settle Date: 11/27/19<br>317.00 Shares | Gold Canadian Polar Bear 1/10 oz<br>S00064431 | $0.00 | |
| 11/27/2019 | Receive Free<br>Investment Purchase<br>Trade Date: 11/27/19, Settle Date: 11/27/19<br>83.00 Shares | Gold 1/10 oz Canadian Polar Bear 2019<br>S00063817 | $0.00 | |
| 11/27/2019 | Receive Free<br>Investment Purchase<br>Trade Date: 11/27/19, Settle Date: 11/27/19<br>4.00 Shares | GOLD CANAD MPLF .9999 FINE 1OZ<br>012552 | $0.00 | |
| 11/27/2019 | Receive Free<br>Investment Purchase<br>Trade Date: 11/27/19, Settle Date: 11/27/19<br>6.00 Shares | GOLD CANAD MPLF .999 FINE 1oz<br>012762 | $0.00 | |
| 11/27/2019 | Receive Free<br>Investment Purchase<br>Trade Date: 11/27/19, Settle Date: 11/27/19<br>4.00 Shares | GOLD BULL BAR RMC .9999 1OZ ROYAL CANADIAN<br>S00000001699 | $0.00 | |
| 11/27/2019 | Receive Free<br>Investment Purchase<br>Trade Date: 11/27/19, Settle Date: 11/27/19<br>10.00 Shares | GOLD CANAD MAPLE LEAF 1/4 OZ<br>071196 | $0.00 | |
| 11/27/2019 | Receive Free<br>Investment Purchase<br>Trade Date: 11/27/19, Settle Date: 11/27/19<br>52.00 Shares | CANADIAN MAPLE LEAF 1/20oz<br>002566 Gold | $0.00 | |

EXHIBIT 2-LANGMORE INVOICE 11/6/2019



# INVOICE

**LANGMORE CAPITAL**

**BILLING ADDRESS:**
Langmore Capital
9350 Wilshire Blvd, Suite 203
Beverly Hills, Ca 90212


P: (833) 293 0107
F: (800) 343-1505


www.langmorecapital.com
corporate@langmorecapital.com


9350 Wilshire Blvd, Suite 203
Beverly Hills, CA 90212

Carlton Boyles
Purchase Invoice
ETC Account #200394655

**DELIVERY ADDRESS:**
Delaware Depository Services
3601 N. Market Street
Wilmington, DE 19802

Invoice Date    11/06/2019
Invoice Number  CB12872

| Quantity | Description | Line Total |
|---|---|---|
| 10 | .25oz Gold RCM Maple Leaf Coin | $ 3,997.50 |
| 15 | 10oz Silver Bullion Bars | $ 2,703.00 |
| 10 | 1oz Gold RCM Maple Leaf Coin | $ 15,053.00 |
| 52 | .05oz Gold RCM Maple Leaf Coin | $ 4,847.44 |
| 400 | .1oz Gold RCM Polar Bear Coin | $ 166,544.00 |
| 331 | 1oz Silver RCM Maple Leaf Coin | $ 6,193.01 |
| 51 | 5oz Silver "American the Beautiful" Coin | $ 5,176.50 |
| 3049 | 1.5oz Silver Arctic Fox Coin | $ 226,845.60 |
| 4 | 1oz Gold Bullion Bars | $ 5,968.72 |
| | **TOTAL** | **$ 437,328.77** |



Equity Trust Account Number _____

## 6. TRANSFER INSTRUCTIONS FOR CURRENT CUSTODIAN

Type of Transfer:

- [ ] Full Transfer → [ ] Transfer all assets *in-kind*    [ ] Liquidate assets and transfer cash
- [ ] Partial Transfer → Cash Amount (if applicable) $ _____

| LIST ASSETS FOR PARTIAL TRANSFER BELOW | Number of Shares or Value | INSTRUCTIONS (Please check one box per asset) |
|---|---|---|
| 1. | | [ ] Liquidate or [ ] In-Kind |
| 2. | | [ ] Liquidate or [ ] In-Kind |
| 3. | | [ ] Liquidate or [ ] In-Kind |
| 4. | | [ ] Liquidate or [ ] In-Kind |

[ ] Select if an additional Asset Sheet is provided. Account Holder must sign and date.

## 7. INSTRUCTIONS FOR DELIVERY (Choose how you want your current Custodian to deliver your assets to Equity Trust Company)

**Funds available immediately upon receipt**
- [✓] Incoming Wire Transfer: (Included if you selected Express Transfer Service)
- [ ] Regular Mail/Cashier's Check
- [ ] Overnight Mail/Cashier's Check

**Funds available after 5 business days of receipt**
- [ ] Regular Mail/Regular Check
- [ ] Overnight Mail/Regular Check

WIRE TO:
Citibank
451 Montgomery Street
San Francisco, CA 94104
RT # if wire originates in the US: 321171184
*For information regarding international wires or ACH instructions please visit:*
www.equityinstitutional.com/wires

For Credit To:
Equity Trust Company
Westlake, OH 44145
Account #: 205575210

For Further Credit To:
Account Holder Name
Account Number

OVERNIGHT MAIL:
Equity Trust Company
1 Equity Way
Westlake, OH 44145

Make Checks Payable to:
Equity Trust Company Custodian
FBO *Account Holder Name, Account #*

REGULAR MAIL:
Equity Trust Company
P. O. Box 451159
Westlake, OH 44145

### IMPORTANT REGISTRATION INFORMATION

Receiving Firm Information:
Equity Trust Company

Register Physical Certificates to:
Equity Trust Company Custodian
FBO *Account Holder Name, Account #*

Mutual Fund Registration:
Equity Trust Company Custodian
FBO *Account Holder Name, Account #*
P. O. Box 451159
Westlake, OH 44145

## 8. ACCOUNT HOLDER SIGNATURE

- A notary public CANNOT provide a Medallion Signature Guarantee.
- A signature guarantee can be obtained from your bank
- If your current custodian does not require a Medallion Signature Guarantee, you can simply sign and date this form.

I certify that I have established or will establish a Self-Directed Account with the Custodian named below. I agree to the terms of this form. I understand that I am responsible for determining my eligibility for all transfers and I agree to indemnify and to hold the Custodian harmless against any and all situations arising from an ineligible transfer. I acknowledge that the Custodian cannot provide legal advice and I agree to consult with my own tax professional for advice.

Signature of Account Holder: *Carlton T. Boyles*
Date: 10/29/19

Authorized Officer to Place "Medallion Signature Guarantee" Stamp Here

Place "Medallion Signature Guarantee" Stamp Here

LETTER OF ACCEPTANCE - FOR OFFICE USE ONLY

Equity Trust Company accepts the appointment as successor custodian on behalf of the depositor and requests the transfer and/or liquidation of assets as instructed above.

Authorized Signature, Equity Trust Company: _____
Date: _____

©2019 Equity Trust Company    *Equity Institutional is a registered trademark of Equity Trust Company*    EI121, Rev. 09/2019

Langmore Capital
9350 Wilshire Blvd., Suite 203
Beverly Hills, CA 90212
213-446-6074

Equity Institutional
P.O. Box 450369
West Lake, OH 44145
Account # 200394655

Delaware Depositor Services
3601 North Market Street
Wilmington, DE 19802

# EXHIBIT 4 – OVERCHARGES OF LANGMORE

| # | A Quanity Purchased | B Descriptions of Purchases | C Line Totals | D Each Coin | E Per Oz. | F Each Bar 10 Oz. | G Lock Down / Oz. | H 11/27/2019 Over-Charge | I 12/31/19 Over Charged By |
|---|---|---|---|---|---|---|---|---|---|
| 3 | 51 | 5 Oz. Silver "American the Beautiful" Coins | $ 5,176.50 | $ 101.50 | | | $ 18.10 | $ 619.14 | Langmore |
| 4 | 51 | Equity Institutional 11/27/19 | $ 4,557.36 | $ 89.36 | | | | | Capital (Fraud) |
| 5 | 52 | 0.05 Oz. Gold RCM Maple Leaf Coins | $ 4,847.44 | $ 93.22 | | | $ 1,512.87 | $ 894.92 | |
| 6 | 52 | Equity Institutional 11/27/19 | $ 3,952.52 | $ 76.01 | | | | | |
| 7 | 331 | 1 Oz. Silver RCM Maple Leaf Coins | $ 6,193.01 | $ 18.71 | | | $ 18.10 | $ 278.04 | |
| 8 | 331 | Equity Institutional 11/27/19 | $ 5,914.97 | $ 17.87 | | | | | |
| 9 | 400 | 0.1 Oz Gold RCM Polar Bear 2019 Coins | $ 166,544.00 | $ 416.36 | $ 4,163.60 | | $ 1,512.87 | $ 105,740.00 | $ 105,740.00 |
| 10 | 83 | Equity Institutional 11/27/19 | $ 12,616.83 | $ 152.01 | | | | | |
| 11 | 317 | Equity Institutional 11/27/19 | $ 48,187.17 | $ 152.01 | | | | | |
| 12 | 4 | 1 Oz. Gold Bullion Bars | $ 5,968.72 | $ 1,492.18 | $ 1,492.18 | | $ 1,512.87 | $ (111.68) | |
| 13 | 4 | Equity Institutional 11/27/19 | $ 6,080.40 | $ 1,520.10 | $ 1,520.10 | | | | |
| 14 | 10 | .25 oz. Gold RCM Maple Leaf Coins | $ 3,997.50 | $ 399.75 | | | $ 1,512.87 | $ 197.47 | |
| 15 | 10 | Equity Institutional 11/27/19 | $ 3,800.03 | $ 380.03 | | | | | |
| 16 | 10 | 1 Oz. Gold RCM Maple Leaf Coins | $ 15,053.00 | $ 1,505.30 | $ 1,505.30 | | $ 1,512.87 | | |
| 17 | 6 | Equity Institutional 11/27/19 | $ 9,120.60 | $ 1,520.10 | $ 1,520.10 | | | $ (88.80) | |
| 18 | 4 | Equity Institutional 11/27/19 | $ 6,080.40 | $ 1,520.10 | $ 1,520.10 | | | $ (59.20) | |
| 19 | 3049 | 1.5 Oz. Silver Artic Fox Coins | $ 226,845.60 | $ 74.40 | $ 49.60 | | $ 18.10 | $ 145,101.91 | $ 145,101.91 |
| 20 | 3049 | Equity Institutional 11/27/19 | $ 81,743.69 | $ 26.81 | $ 17.87 | | | | |
| 21 | 15 | 10 Oz. Silver Bullion Bars | $ 2,703.00 | | $ 18.02 | $ 180.20 | $ 18.10 | $ 22.35 | |
| 22 | 15 | Equity Institutional 11/27/19 | $ 2,680.65 | | $ 17.87 | $ 178.71 | | | |
| 23 | | Total Estimated Overcharges 11/27/19 | | | | | | $ 252,594.15 | $ 250,841.91 |
| 24 | | Asked for 70% Gold & 30 % Silver | | | | | | | |
| 25 | | Investment witout using Vintage Coins | Investment | | | | | | |
| 26 | | Carlton T. Boyles Silver & Gold Direct IRA | Percentage | | | | | | |
| 27 | | Actual Investments In Gold | 43.80% | | | | | | |
| 28 | | Actual Investments In Silver | 55.09% | | | | Equity Institutional IRA Acount Total (200394655) 12/31/2019 = $184,841.78 | | |
| 29 | | November 27, 2019 | 100.0% | | $ 184,841.78 | $ 250,841.91 | $ 435,683.69 | | |
| 30 | | Total IRA Direct Investment = $437,328.77 | | | Langmore Capital received wire disbursement on 11/11/19 | | | | |

Carlton T. Boyles
336-906-6201

6834 Dawn Acres Drive

Trinity, NC 27370-7613

Envelope ID: 0D787048-7063-4B61-BB92-757A3E69E332

**EXHIBIT 5** — Equities' custodial agreement - entitled "Application – Traditional, Roth, or SEP"

*page 4 of 5*

Account Number __200394655__

## ACCOUNT AUTHORIZATIONS

FOLLOWING SELECTIONS ARE OPTIONAL FEATURES AVAILABLE ON YOUR EQUITY TRUST COMPANY ACCOUNT. SELECT ONLY THE ITEM(S) YOU WISH TO AUTHORIZE. *(Please leave blank if you do not wish to make any designations for your account.)*

☐ **Referral:** I was referred to Equity Institutional by the person referenced below. I understand that Equity Trust Company will not release information to this person and will not accept transaction instructions from this individual. This person is not a Designated Representative on my account.

| REFERRAL SOURCE | EQUITY INSTITUTIONAL REP/REFERRAL NUMBER (if applicable) |
|---|---|
|  |  |

☐ **Interested Party Designation:** I authorize Equity Trust Company to release information to the following person regarding my account including copies of quarterly statements or other written, verbal, or electronic communications. I understand that Equity Trust Company will not accept transaction instructions from this individual. This person is not a Designated Representative on my account.

| INTERESTED PARTY NAME | | PRIMARY PHONE |
|---|---|---|
|  |  |  |
| ADDRESS | | FAX |
|  |  |  |
| CITY | STATE | ZIP CODE |
|  |  |  |
| EMAIL ADDRESS | EQUITY INSTITUTIONAL REPRESENTATIVE NUMBER | |
|  |  |  |

☑ **Designated Representative:** This person will have the ability to direct investments on your behalf. Please see Section 8 below, for details on what authorizations a Designated Representative will have as a result of checking this box.

| DESIGNATED REPRESENTATIVE NAME | | PRIMARY PHONE |
|---|---|---|
| Langmore Capital, LLC |  | (833) 293-0107 |
| ADDRESS | | FAX |
| 9350 Wilshire Blvd., Suite 203 |  | (800) 343-1505 |
| CITY | STATE | ZIP CODE |
| Beverly Hills | CA | 90212 |
| EMAIL ADDRESS | EQUITY INSTITUTIONAL REPRESENTATIVE NUMBER | |
| Processing@LangmoreCapital.com | 2072394 | |
| FIRM NAME (IF APPLICABLE) | | |
|  |  |  |
| FIRM ADDRESS | | |
|  |  |  |
| FIRM CITY | FIRM STATE | FIRM ZIP CODE |
|  |  |  |

## IMPORTANT (Please Read Before Signing)

The signature below acknowledges that I have received, read, and understand the Equity Trust Company IRA Custodial Agreement, Disclosure Statement and Fee Schedule found in the *IRA Custodial Account Agreement and Disclosure Statement*. I acknowledge that the *IRA Custodial Account Agreement and Disclosure Statement* explains the duties, limitations on duties, and the rights of Equity Trust Company and depositor. By signing this application below, the depositor assumes complete responsibility for determining contribution eligibility and tax consequences of any and all contributions or distributions; accepts and agrees to all of the terms and provisions set forth in the *IRA Custodial Account Agreement and Disclosure Statement;* and has read and accepted the terms of the Fee Schedule.

Signatures—By signing below, I hereby make the following representations:

1. I appoint Equity Trust Company, as Custodian of my Account. I acknowledge that I have received and read Equity Trust Company's Individual Retirement Custodial Account Agreement and Disclosure Statement on the date shown below, and I agree to be bound by the terms and conditions contained in these documents. I understand that, within seven (7) days from the date that I open my Account, I may revoke this application and close my Account without penalty by mailing or delivering a written notice to Equity Trust Company.

2. I acknowledge that my Account is self directed and I am solely responsible for the selection, management, and retention of all investments held within my Account. I understand and acknowledge that Equity Trust Company will exercise no discretion with respect to the funds in my Account, will not under any circumstances provide investment advice or recommendations, and will in all events invest all of the funds in my Account solely and exclusively at my direction. I further understand that I am not entering into a "trust" agreement with Equity Trust Company, but rather I am entering into a "custodial" agreement under which Equity Trust Company has no duties or responsibilities with respect to the investment of the funds in my Account. Finally, I understand and intend that Equity Trust Company shall not assume the responsibilities of a trustee, a "fiduciary," or a person entitled to exercise any discretionary authority with respect to the funds in my Account, as those terms and concepts are defined in the Internal Revenue Code, ERISA, or other applicable federal, state or local laws.

I understand that if I have chosen to appoint a Representative in the Account Authorizations Section of this Agreement, or should I ever appoint a Representative on a form acceptable to Equity Trust Company, such person is my agent and is not in any way an agent, employee, or representative of Equity Trust Company. I understand that Equity Trust Company has not made and will not make any recommendation or investigation with respect to my Representative, nor does Equity Trust Company or its affiliates compensate my Representative in any manner.

A. By appointing a financial advisor, broker, financial planner or other person as a Designated Representative to your individual retirement account, you should