IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CARLTON T. BOYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-CV-545 |
| | ) | |
| LANGMORE CAPITAL, LLC and | ) | |
| EQUITY TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending is the defendants' motion to compel arbitration. Doc. 8. The specific issues before the Court are two factual questions, Doc. 15 at 5, which the parties have agreed the Court can decide on the written record. Doc. 16 ¶ 8. The questions are:

1. Did the plaintiff Carlton T. Boyles electronically sign the Equity application incorporating the arbitration agreement in the IRA Custodial Account?

2. Did Mr. Boyles electronically sign the Shipping and Transaction Agreement with Langmore?

The Court has considered the evidence submitted and the closing arguments, and makes the following findings of fact:

The defendants use DocuSign, a platform that allows for electronic signature, to enter into contracts with their customers. Doc. 18-1 ¶ 5. Customers can sign using a digital signature. Doc. 24-3 at 3. DocuSign tracks the date the document is sent, viewed, and signed. Doc. 24-3 at 5. When the transaction is complete. DocuSign records a "certificate of completion" summarizing details of the transaction, such as email

addresses of the parties and the IP address of the device through which the contract was signed. Doc. 24-3 at 5.

Mr. Boyles discussed opening a self-direct IRA account with Langmore Capital and Equity Trust. Doc. 20 at 1. After this, the Equity application and related custodial agreement and the Shipping and Transaction Agreement were emailed using the DocuSign platform to Mr. Boyles at his email address. Doc. 18-4 at 30; 18-12 at 12. The documents were accessed by someone using a device in Trinity, North Carolina, where Mr. Boyles lives. Doc. 18-3 at 2 (Mr. Boyles' address); 18-17 at 4-5. Mr. Boyles' conduct at the time and immediately thereafter is consistent with his opening an Equity Account and entering into the Shipping and Transaction Agreement. *See*, *e.g.*, Doc. 18-5; Doc. 18-14 at 2; Doc. 18-9. The Court finds that Mr. Boyles electronically signed the Equity application and the Shipping and Transaction Agreement. He never opted out of the arbitration provision. Doc. 18-1 ¶ 6.

The Court appreciates the evidence to the contrary, but it is confusing and does not appear to accurately reflect the way the DocuSign platform works. The Court finds it less persuasive than the consistent evidence presented by the defendants.

The Court has previously determined that the other prerequisites to compelling arbitration have been met. Doc. 15. The Court now finds that there was a valid written agreement to arbitrate. Therefore, the motion to compel arbitration will be granted.

It is **ORDERED** that the defendants' petition to compel arbitration, Doc. 8, is **GRANTED**. This action is stayed and can be re-opened after consideration of a motion

2

to that effect at any appropriate time. In the absence of a motion to extend the stay filed no later than July 1, 2022, the case will be dismissed on July 29, 2022.

This the 19th day of February, 2021.

_____
UNITED STATES DISTRICT JUDGE